■ Howard Plumb et al., Respondents, v A.C. and S., Inc., et al., Defendants, and Sears, Roebuck and Company, Appellant. [759 NYS2d 809] —Crew III, J.P. Appeals (1) from an order of the Supreme Court (Aulisi, J.), entered May 13, 2001 in St. Lawrence County, which granted plaintiffs' motion to set aside so much of a jury verdict as apportioned liability, and (2) from the judgment entered thereon.

In February 2000, plaintiff Howard Plumb was diagnosed with mesothelioma, a cancer of the pleura attributable to asbestos exposure. In May 2000, Plumb and his wife, derivatively, commenced this action against, among others, defendant Sears, Roebuck and Company (hereinafter defendant) and General Electric Company (hereinafter GE) alleging that Plumb had been exposed in 1941 to asbestos-containing products manufactured by GE and, between 1950 and 1960, to asbestos-containing products sold to Plumb by defendant.

Following joinder of issue and considerable discovery, GE

settled with plaintiffs and a jury trial commenced against defendant alone. At the conclusion of the trial, the jury rendered a special verdict, awarding damages to plaintiffs in the amount of $1,500,000 and apportioned 98% of responsibility to GE and 2% to defendant. Thereafter, plaintiffs moved to set aside the verdict as it pertained to GE, which motion was granted, prompting this appeal by defendant.

We affirm. It is axiomatic that a verdict may be set aside and judgment entered notwithstanding such verdict where "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury *on the basis of the evidence presented at trial*" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978] [emphasis added]). Put differently, a court may grant such a motion where there is no competent evidence to support an issue in question. Here, defendant sought apportionment based upon GE's negligent manufacture of asbestos-containing electrical cable, which Plumb allegedly worked with for a three-month period in 1941 while employed as an electrician's helper at an Alcoa plant in the Town of Canton, St. Lawrence County. The bases for the jury's conclusions that Plumb was exposed to asbestos and that the GE cable was the source of such exposure are founded upon the following questions and answers from Plumb:

"Q And did there come a point during your 3 months at Alcoa that you believed that you were exposed to asbestos?

"A I think I may have been. As an electrician's helper I had to skin back cable before I connected it to junction boxes; and in getting the top layer off I would come down to a gray substance that I thought, at least, the flaking off, had asbestos in it.* * *

"Q Do you believe you had any asbestos exposure when you worked at Alcoa?

"A Yes, I do.

"Q How do you believe you were exposed to asbestos?

"A Well, because we were moved, as I said, from, would have to wire this and wire that. I was, first of all, in skinning the cable. After we got the outside, heavy, black layer off, usually the grayish or substance inside, I didn't notice at the time, I would say, but it was an asbestos-type of material because of the high intensity of the heat generated from the cable.* * *

"Q Just a few more questions, Mr. Plumb; and I will be done. I want to turn, if I could, you mentioned that you worked at Alcoa for three months and a couple of weeks; and I thought

you mentioned that you worked with a wire that you believe contained asbestos in it, correct, a cable?

"A Yes.

"Q Do you remember the manufacturer of that cable?

"A I don't.* * *

"Q Once again, sir, do you remember being asked the following questions, Mr. Plumb, page 58 of the deposition. Says here,

'Q I am sorry to have to interrupt you. Do you know the manufacturer or brand name of any of the wire cable that you were stringing? A Only one I remember is General Electric.' "

The record is bereft of any other proof that the electrical cable in question in fact contained asbestos,* and we find the foregoing testimony to be wholly speculative and consequently legally insufficient in that regard. Accordingly, the order and judgment must be affirmed.

Spain, Lahtinen and Kane, JJ., concur.

Carpinello, J. (dissenting). Upon my review of the record, I conclude that, while the verdict as it pertained to defendant General Electric Company (hereinafter GE) may very well be against the weight of the evidence, thus warranting a new trial, it is not legally insufficient. Accordingly, I respectfully dissent.

As noted by the majority, in order to set aside a verdict as unsupported by legally sufficient evidence, "[i]t is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Here, the jury's conclusion that GE cable was a source of plaintiff Howard Plumb's exposure to asbestos is supported by various evidence. As recognized by the majority, a series of questions and answers during Plumb's direct testimony established that, during his three-month tenure at Alcoa, he worked with an electrical wire that he believed contained asbestos. On this point, I think the jury could permissibly infer that Plumb was qualified to identify asbestos in that wire.

First, it was established that Plumb studied electricity and electrical work in college; such formal training certainly made him capable of identifying asbestos because of its then common

---

* Defendant relies upon the testimony of one of plaintiffs' experts that Plumb was, in fact, exposed to asbestos as an electrician's helper, but that statement is derived from the expert's reading of Plumb's deposition testimony.

use as an insulator against electricity and heat. Plumb also testified that he received extensive training at "various schools" in the military regarding his "field of electronics." In addition, although the jury was instructed that it could not consider Plumb's period of employment at GE when he worked on asbestos-containing searchlights in determining GE's potential liability, his testimony regarding this experience illustrated his knowledge of the properties of asbestos. By way of example, he testified that "the insides of these searchlights had an asbestos lining because of the tremendous heat that this light unit was putting out."

The jury's conclusion that the GE cable was a source of plaintiff's exposure to asbestos is also supported by the cross-examination of one of plaintiffs' expert witnesses, namely, Edwin Holstein. Holstein testified that plaintiff was exposed to asbestos as an electrician's helper at Alcoa and that this exposure was a substantial cause of his mesothelioma. Holstein was asked at trial whether he had read the following exchange from Plumb's pretrial deposition before preparing his report in this case:

"Q Do you believe you had any asbestos exposure when you worked at Alcoa?

"A Yes, I do.

"Q How do you believe you were exposed to asbestos?

"A Well, because we were moved, as I said, from, would have to wire this and wire that. I was, first of all, in skinning the cable. After we got the outside, heavy, black layer off, usually the grayish or substance inside, and I didn't notice at the time, I would say, but it was an asbestos-type of material because of the high intensity of the heat generated from the cable."

In addition to hearing Plumb's own trial testimony concerning his alleged exposure to asbestos while at Alcoa, the jury also heard this particular passage from his deposition on the very same issue during Holstein's testimony. Plumb himself was also cross-examined about this particular deposition testimony, thus placing it before the jury a second time. Furthermore, the following exchange took place at trial:

"Q Just a few more questions, Mr. Plumb; and I will be done. I want to turn, if I could, you mentioned that you worked at Alcoa for three months and a couple of weeks; and I thought you mentioned that you worked with a wire that you believe contained asbestos in it, correct, a cable?

"A Yes.

"Q Do you remember the manufacturer of that cable?

"A I don't.

"Q Does General Electric sound right to you, Mr. Plumb?

"A About what?

"Q General Electric cable, does that sound right to you?

"A If I said so in the deposition.

"Q I am really trying to find out.

"A No, I don't remember.

"Q As you sit here today you don't remember?

"A Correct.

"Q Once again, sir, do you remember being asked the following questions, Mr. Plumb, page 58 of the deposition. Says here,

'Q I'm sorry to have interrupted you. Do you know the manufacturer or brand name of any of the wire cable that you were stringing? A Only one I remember is General Electric.'

"A If that is what I said at that time, I would not change it now.

"Q Well, do you remember that today, Mr. Plumb? This deposition was two months ago. Does that sound right to you, General Electric?

"A Sounds right."

In my view, the foregoing constitutes legally sufficient evidence supporting the jury's verdict. Ordered that the order and judgment are affirmed, with costs.